**FILED**
JUL 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR<br>4701 Melbourne Place<br>College Park, Maryland 20740<br>(301) 474-4708<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM ZIEGLER, Vice President<br>BB&T Bank<br>1909 K Street, N.W.<br>Washington, D.C. 20006<br><br>and<br><br>BB&T Bank d/b/a Branch Banking and Trust Company<br>1909 K Street, N.W.<br>Washington, D.C. 20006<br><br>        Defendants. | Case: 1:07-cv-01253<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 7/12/2007<br>Description: TRO/PI |

**JURY ACTION**

### COMPLAINT FOR BREACH OF CONTRACT, DISCRIMINATION BASED ON RACE, HARASSMENT, AND NEGLIGENCE

**COMES NOW**, Plaintiff, Walter L. Blair, attorney at law, pro se, and files this Complaint for Breach of Contract, Discrimination, Harassment, and Negligence, and states as follows:

### I. JURISDICTION

1. Plaintiff alleges this Court has jurisdiction over the subject matter of this action, because diversity of citizenship exists and the amount in controversy exceeds $75,000.00 pursuant to U.S.C. 28 § 1332. This Court also has jurisdiction pursuant to 42 U.S.C. §§ 1981 and 1983.

1

## II. PARTIES

2. Plaintiff, Walter L. Blair, is a lawyer practicing law primarily in Maryland and the District of Columbia, and is a citizen and resident of the State of Maryland. The subject commercial property, 4701 Melbourne Place, College Park, Maryland 20740, is located in Prince George's County, Maryland and is used primarily as a law firm on the second floor with offices rented out to physicians on the first floor.

3. Defendant, William Ziegler, Vice President of BB&T Bank, is licensed to conduct lending and banking activities for commercial properties in the District of Columbia and the Washington metropolitan area.

4. Defendant, BB&T Bank, is a bank licensed to conduct lending and banking activities in the District of Columbia and the Washington metropolitan area.

## III. FACTS

5. For more than three (3) years, Plaintiff established a loan (mortgage) agreement between Plaintiff and Defendants concerning Plaintiff's law office building located at 4701 Melbourne Place, College Park, Maryland 20740. The Loan Account Number is 9550570952; Note Number 00001 (**See Exhibits A through C attached**). In fact, Plaintiff during the years 1999 and 2000, by his own hands, built the two story commercial building, the subject property, with the assistance of a few workers. This property is unique as built by Plaintiff via his own hand. The subject note is approximately $650,000.00.

6. On or about June 28, 2007, Defendants, William Ziegler, Vice President of BB&T, directed bank officer, Rush Seale, to call and write Plaintiff for the May and June mortgage payments. Mr. Seale advised Plaintiff on July 2, 2007 (Plaintiff's first notice) that the payments for

May 2007 and June 2007 had not been received and were due. On or by July 2, 2007, pursuant to Plaintiff's agreement with BB&T's representative, Rush Seale, Rush Seale received $6,000.00 representing more than the May 2007 mortgage payment[1]. See **Exhibit A**. It was further agreed by Plaintiff and Mr. Seale that the balance of the June 2007 mortgage payment would be paid within five (5) business days.

7. On or by July 6, 2007, pursuant to agreement with Defendants, Plaintiff paid the balance of June 2007 payment of $5,600.00 by delivering this payment to Maria Queen, an employee of Defendant, for Rush Seale at the College Park, Maryland BB&T Branch[2]. See **Exhibit B**.

8. Plaintiff had never before received any written demand from Defendant, BB&T, over the several years of this loan for any late payment and for reasons which reflect breach of contract, racial discriminatory action and harassment, Defendants have demanded Plaintiff to pay $670,617.00 stemming from a demand of June 29, 2007 although Defendants were well aware that Plaintiff did not receive any prior notice until on or about July 3, 2007 and that such demand is unconscionable, unreasonable and Defendants are aware that Plaintiff cannot agree to such new terms.

9. Plaintiff alleges that Defendants' conduct via its June 28, 2007 letter, in demanding the full note of $670,617.00, to be paid that same day, (particularly when Defendants were aware that Plaintiff did not receive notice of such demand until on or about July 3, 2007),

---

[1] Pursuant to agreement with Rush Seale, the May 2007 payment was received on or about July 3, 2007, including any late fee.

[2] That payment was an overpayment since the only amount demanded at that time was $5,530.00. In good faith Plaintiff paid $5,600.00 to cover the balance of June 2007 payment and any late fee although the BB&T did not demand any further late payment.

amounts to unconscionable and unreasonable business practice by any bank in the United States of America, and Plaintiff alleges that Defendants' conduct, orchestrated by its attorneys, Jordan Spivok, jointly and severally, amounts to racial hatred against Plaintiff and is motivated by malice, ill will and evil intent.

10. Plaintiff has contracted with Defendants to pay $5,669.80 per month on this loan, i.e., $1,423.73 in interest and $4,246.07 in interest. Plaintiff has paid fully under the agreement with Defendant, BB&T, prior to receiving the letter of July 6, 2007. See **Exhibit 3**, received July 10, 2007. After Defendant, William Ziegler, by way of his assistant Regina McCoy, Assistant Vice President, received full payment from Plaintiff, the same Defendant, William Ziegler, instructed his assistant, Regina Mccoy, to allegedly claim that Defendants were going to return the June 2007 payment of $5,600.00, alleging falsely that the monthly mortgage was not paid. Defendants claim that the monthly payments are due on the 1st of the month when in fact the note payments are due on the 15th of the month and late after the 30th day of the month.

11. Although Defendants are well aware that as of the July 6, 2007, Plaintiff had paid his loan pursuant to agreement and contract between Plaintiff and Defendants, and although Defendants were well aware that no payment was due from Plaintiff until July 15, 2007, in a conversation with Plaintiff and Defendant, William Ziegler, on July 10, 2007, Defendant William Ziegler advised that whether or not all payments were made current, he did not want to accept payment or continue with the banking between Plaintiff and Defendant stating that, "We are tired of dealing with you people," under circumstances where Plaintiff can only take such statement as being a racial remark, as Plaintiff is a black citizen of the United States and Defendants, William Ziegler is a caucasian male and BB&T is indeed owned by caucasian citizens of the United States.

4

Plaintiff further alleges that based on the historic victimization and persecution unjustly suffered by black citizens in the USA over the years since its establishment, the conduct of Defendants is alarming and requires strict scrutiny, particularly where Defendants' unjustified conduct threatens to deprive Plaintiff of his unique commercial building and destroy Plaintiff's law practice and the livelihood of Plaintiff's family and the families and staff of Plaintiff's law partners, associates and employees, all of whom (except for one) are of the African-American race.

12. In addition to the racial remarks made by Defendant, William Ziegler, Defendants demonstrated their intention to break the longstanding contract and mortgage relationship between the parties and the agreement with Rush Seale on or about July 2, 2007 when Seale advised that two (2) payments were due in the amount of $11,530.09 and that he would accept such payments, the first of which was made by Plaintiff and received by Seale on July 3, 2007 and that Seale further agreed to receive and did accept the second payment within five (5) business days on or before July 6, 2007, which payment was made by Plaintiff and received by Maria Queen for Rush Seale for the Defendants, as agreed, on July 6, 2007.

13. The loan agreement between Plaintiff and Defendants reflected that the monthly payment is due on the 15th day of each month. The payment is not late until the 30th day of each month.

14. Defendants' pattern and practice of business further reflects that they are engaged in a racket with their lawyers, or otherwise engaged in unfair consumer-lender relations, particularly where Defendants, for no valid reason, habitually forward undisputed loan matters, such as the instant claim by this Plaintiff, to their lawyers which lawyers then adds an exorbitant amount of attorneys fees to the loan and then demands the borrower to pay such fee and loan when under the

circumstances (such as Plaintiff in this case and other Plaintiffs similarly situated) Plaintiff should not have to be subjected to any attorneys' fees, liens and particularly when Defendants originally lured Plaintiff to enter into this mortgage agreement with Defendants, in the first place.

15. The conduct of Defendants in sending letters contrary to the agreement between Plaintiff and Defendants, in frequent calls to Plaintiff, and in writing and disturbing Plaintiff's peace and enjoyment of the mortgaged property (in addition to threatening to have lawyers to get involved and charge exorbitant fees to Plaintiff) reflects harassment, intimidation, and to the extent that Defendants' wrongful conduct is motivated by race and evil intent and the fact that Plaintiff is a black citizen of the United States (when juxtaposed with recent comments made by Defendants) such conduct amounts to racial discrimination in violation of the laws of the United States and the laws of the District of Columbia, and Plaintiff alleges that Defendants' conduct, throughout all relevant times and dates, is motivated by malice and racial hatred against Plaintiff.

16. Defendant Ziegler on May 10, 2007 admitted that Defendants had a duty to check the monthly due dates (to ascertain whether said note payments were due on the 15th day) but Defendants via Mr. Ziegler negligently and unreasonably refused to verify its own banking records because he stated he was directed by his lawyers, Jordan Spivok, and Defendant BB&T to turn the matter over to the attorneys under circumstances which he knew or should have known was wrongful and would cause Plaintiff stress, strain, anxiety, sleepless nights and excessive worrying. See **Exhibit C**. Plaintiff alleges that under the circumstances Defendants' conduct throughout all relevant dates and times is wrongful, malicious, motivated by racial hatred and violates the laws and statutes alleged herein but not limited to such laws and statutes for which Defendants have violated in their conduct against Plaintiff.

6

17. Such wrongful and indeed negligent conduct has caused and continues to cause Plaintiff to wrongfully suffer stress, strain, anxiety, sleepless nights and excessive worrying.

## IV. BREACH OF CONTRACT

18. Plaintiff adopts and incorporates by reference paragraphs 1 through 17 as if realleged herein.

19. Defendants and Plaintiff established an enforceable contractual relation where Plaintiff borrowed an amount of money, approximately $600,000.00, secured by Plaintiff's commercial building above-mentioned, and by which Plaintiff was required to pay a monthly mortgage of approximately $5,669.00 to Defendants pursuant to a mortgage agreement signed by the parties.

20. However, in the month of June and July 2007, without notice or justification or prior warning or disagreement, Defendants breached the agreement between the parties by a letter stating they intend to return the June payment although July payment is not yet due and Defendants further breached the agreement by demanding the accelerated the total amount under the note in excess of $600,000.00 to be paid the same day of demand, that is, June 28, 2007, which conduct by Defendants reflect breach of contract, unfair business practice, unconscionable demand, which demand was delivered to Plaintiff on or about July 3, 2007, after the date that full payment was demanded.

21. Defendants' breach of contract amounts to unconstitutional behavior since the breach is based on racial animosity by Defendants and Defendants' hatred and ill will towards Plaintiff based on Plaintiff being a member of the African-American race and Defendants' breach of contract is for the purpose of destroying Plaintiff's business, livelihood and the unfair and justifiable taking

of Plaintiff's unique commercial property under circumstances which reflect manifest injustice and an unjustifiable destruction of the contractual relations between the parties.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

## V. DISCRIMINATION BASED ON RACE

22. Plaintiff adopts and incorporates by reference paragraphs 1 through 21 as if realleged herein.

23. Plaintiff is an African-American citizen of the United States and all Defendants are caucasian citizens of the United States. Plaintiff alleges that Defendants have engaged in a conspiracy whereby Defendants, jointly and severally, have manifested their intent to seize and sell Plaintiff's commercial property located at 4701 Melbourne Place, College Park, Maryland 20740, for no lawful purpose and without any lawful justification and that Defendants are acting to destroy Plaintiff's law practice and business and Plaintiff's livelihood solely on the basis of Defendants' malicious attitude and conduct against Plaintiff, Defendants' racial hatred and animosity against Plaintiff and Defendants' evil intent to harm Plaintiff in violation of the laws of the United States as alleged herein.

24. Defendants are well aware that the mortgage payments were and are made timely by

Plaintiff, yet Defendants refused to accept any further mortgage payments by Plaintiff to Defendants and Defendants have accelerated their note requiring Plaintiff to pay in excess of $600,000.00 when Defendants are well aware that Plaintiff does not have said $600,000.00 and this conduct by Defendants to wrongfully take, seize and sell Plaintiff's subject property below market rate is an intent by Defendants to ruin Plaintiff for no other reason than Defendants' hatred of Plaintiff on the basis of race as Plaintiff is an African-American and on the basis of Defendants' malicious conduct and conduct motivated by evil intent which amounts to disparate treatment as Defendants do not treat their non-white customers and borrowers in such an inhumane fashion as Defendants are now conducting themselves wrongfully against Plaintiff.

25.   Defendants' conduct has caused Plaintiff to suffer stress, strain, anxiety, frustration, humiliation, bodily pains and sleepless nights and Defendants intend to cause Plaintiff such harm on the basis of racial animosity, racial hatred and ill will in violation of the laws of the United States of America and Plaintiff alleges that Defendants' conduct amounts fraud, gross negligence, and conspiracy all based on racial hatred.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

## VI. HARASSMENT

26. Plaintiff adopts and incorporates by reference paragraphs 1 through 25 as if realleged herein.

27. Defendants' conduct for all the reasons alleged herein amount to harassment, humiliation, placing Plaintiff in public ridicule and causing Plaintiff to suffer stress, strain and anxiety all on the basis of Defendants' conduct which is wrongful, based on ill will, racial animosity, spite and maliciousness without justification or cause.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

## VII. NEGLIGENCE

28. Plaintiff adopts and incorporates by reference paragraphs 1 through 27 as if realleged herein.

29. In addition to Defendant, William Ziegler's above-mentioned wrongful conduct, the said William Ziegler on July 10, 2007, on behalf of all Defendants, when asked by Plaintiff whether he had received all monthly payments due pursuant to the attached notice which Defendants sent to Plaintiff (See Exhibit B), William Ziegler advised that although he knows he has a duty to verify whether payments are made timely and the loan is brought current, before sending out threatening

letters and transferring the matters to his attorneys which he named as Jordan Spivok (301-469-3602), William Ziegler said he is not going to look and make sure all payments are made, whether his conduct is negligent or not.

30. Defendant Ziegler stated that he need only to rely on his lawyers, Jordan Spivok, and refused to do any due diligence or make any reasonable conduct to make sure the monthly loan payments had been paid up to date and he refused to act reasonably to ascertain whether or not the loan to Plaintiff was due on the 15th of each month. William Ziegler said he "did not know and was not going to find out" whether the July payment and all payments were due in fact, as Plaintiff advised, on the 15th of each month and that the July 15, 2007 payment was not yet due during the conversation which occurred on July 10, 2007.

31. Plaintiff further alleges that the July payment, which is the only monthly payment in question, was not due even by the time this lawsuit and temporary restraining order was filed in federal court, which filing occurred on July 12, 2007, well prior to the July monthly payment which is due on July 15th 2007 and is not late until July 30th (as is the case in any and every given month in the contract between the parties).

32. Under the circumstances, Defendants, jointly and severally, had a duty to ascertain the terms of the payment agreement and dates of the payment agreement between Plaintiff and Defendants prior to taking adverse action against Plaintiff and Plaintiff's commercial property in regards to the mortgage terms between the parties had a duty to check their records for accuracy. Defendants did not check for accuracies.

33. Defendants, jointly and severally, breached their duty to Plaintiff with respect to payment dates and with respect to Defendants' wrongful actions against Plaintiff even where

Plaintiff's payments were all brought current before Defendants commenced any adverse action against Plaintiff and his above-mentioned commercial property.

34. Defendants' wrongful conduct proximately caused Plaintiff to suffer injuries and damages as alleged throughout this Complaint

35. Defendants' negligence has caused Plaintiff harm, including stress and strain, anxiety, humiliation, and sleepless nights, and has placed Plaintiff in a position to lose Plaintiff's commercial property and law practice under circumstances where Plaintiff did not engage in any contributory negligence and under circumstances where Defendants' conduct was wrongful and in violation of any applicable law.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,
BLAIR & LEE, P.C.

_____
Walter L. Blair, Esquire, D.C. Bar # 471057

*Sandy Lee* (signature)

Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

WLB/kw C:\lawsuit against bb&t bank.wpd

# BB&T

| CUSTOMER | NOTE | TC | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|---|
| 9550570952 | 00001 | | 06/14/07 | 05/15/07 |

**30 DAYS PAST DUE STATEMENT**

BL  WALTER L BLAIR
2600 SUNSHINE CT
BROOKEVILLE MD 20833-1225

*[handwritten: 7/2/07 Memo To Rush Seal From: Walter Blair]*

BB&T OF MD BUSINESS LOAN CENTER
PO BOX 580003
CHARLOTTE, NC 28258-0003

**TOTAL DUE**
11,530.0

INDICATE AMOUNT ENCLOSED BELOW

"000001" 1:526022229: 9550570952" 84

**IMPORTANT:** DETACH AND RETURN THE ABOVE PORTION WITH YOUR PAYMENT – RETAIN THIS PORTION FOR YOUR RECORDS.

| CUSTOMER NAME | ACCOUNT NUMBER | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|
| WALTER L BLAIR | 9550570952-00001 | 06/14/07 | 05/15/07 |

| CURRENT AMOUNT DUE | | | DAILY INTEREST CHARGE | PAST DUE AMOUNT | TOTAL DUE |
|---|---|---|---|---|---|
| PRINCIPAL | INTEREST | FEES | | | |
| 1,423.73 | 4,246.07 | .00 | 137.0074 | 5,860.29 | 11,530.09 |

| DATE | DESCRIPTION | PRINCIPAL | INTEREST | FEES | INTEREST RATE | OUTSTANDING PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|
| | CURRENT RATE | | | | 7.50 | 657,635.85 |

*[handwritten across form:]*
7/2/07
Attn: Mr. Rush Seal
Fax
Per agreement today I
to cancel UPS notice and I
am paying $6000.00 for
May 2007 mortgage + late fee
Bal. of $5,530.09 to be paid w/I five
business days. W Blair

ONLY CHECKS OR MONEY ORDERS SHOULD BE SENT BY MAIL. THE TOP PORTION OF YOUR BUSINESS LOAN STATEMENT MUST ACCOMPANY PAYMENT.
THIS STATEMENT DOES NOT REFLECT ACTIVITY AFTER STATEMENT DATE ABOVE.
PAYMENTS CAN BE ACCEPTED AT TELLER WINDOWS OF ANY BRANCH. IF PAYMENT IS RECEIVED BY 2:00 P.M., IT WILL BE CREDITED TO YOUR ACCOUNT THE SAME DAY. IF RECEIVED AFTER 2:00 P.M., IT WILL BE CREDITED AS OF THE FOLLOWING BUSINESS DAY.
IF YOU ARE PAYING OFF YOUR LOAN IN FULL, ADD THE DAILY INTEREST CHARGE FOR EACH DAY AFTER THE DUE DATE UNTIL [payment] IS RECEIVED.

MATURITY DATE: 09/15/09

Thank You for [ban]king with BB&T

**PLAINTIFF'S EXHIBIT A**



**BB&T**

2613770 50263  95505709521

| CUSTOMER | NOTE | TC | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|---|
| 9550570952 | 1 | | 06/25/07 | 06/15/07 |

**10 DAYS PAST DUE STATEMENT**

BL WALTER L BLAIR
2600 SUNSHINE CT
BROOKEVILLE MD 20833-1225

**TOTAL DUE**

11,530.0

INDICATE AMOUNT ENCLOSED BELOW

BB&T OF MD BUSINESS LOAN CENTER
PO BOX 580003
CHARLOTTE, NC 28258-0003

"00001"  :526022229:  9550570952"  84

**IMPORTANT:** DETACH AND RETURN THE ABOVE PORTION WITH YOUR PAYMENT – RETAIN THIS PORTION FOR YOUR RECORDS.

| CUSTOMER NAME | ACCOUNT NUMBER | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|
| WALTER L BLAIR | 9550570952-00001 | 06/25/07 | 06/15/07 |

| CURRENT AMOUNT DUE | | | DAILY INTEREST CHARGE | PAST DUE AMOUNT | TOTAL DUE |
|---|---|---|---|---|---|
| PRINCIPAL | INTEREST | FEES | | | |
| .00 | .00 | .00 | 137.0074 | 11,530.09 | 11,530.09 |

| DATE | DESCRIPTION | PRINCIPAL | INTEREST | FEES | INTEREST RATE | OUTSTANDING PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|
| | CURRENT RATE | | | | 7.50 | 657,635.85 |

*[Handwritten note:]*

7/6/07

Dear Mr. Seals & Ms. McCoy

1. This mortgage bill reflects arrears $11,530.⁰⁰
2. On 7/2/07 I paid (For May 2007) — $6,000.⁰⁰
3. On 7/5/07 (received by BB&T) — $5,600.⁰⁰ (For June 07)
4. This payment demonstrates I have paid this note up-to-date with credit for over late fee now paid.

Sincerely, Walter L Blair

IF YOUR PAYMENT IS NOT RECEIVED BY 06/30/07,
A LATE FEE OF $283.49 WILL BE ASSESSED.

ONLY CHECKS OR MONEY ORDERS SHOULD BE SENT BY MAIL. THE TOP PORTION OF YOUR BUSINESS LOAN STATEM
HIS STATEMENT DOES NOT REFLECT ACTIVITY AFTER STATEMENT DATE ABOVE.
AYMENTS CAN BE ACCEPTED AT TELLER WINDOWS OF ANY BRANCH. IF PAYMENT IS RECEIVED BY 2:00 P.M., IT WILL
CCOUNT THE SAME DAY. IF RECEIVED AFTER 2:00 P.M., IT WILL BE CREDITED AS OF THE FOLLOWING BUSINESS DAY.
YOU ARE PAYING OFF YOUR LOAN IN FULL, ADD THE DAILY INTEREST CHARGE FOR EACH DAY AFTER THE DUE DAT
RECEIVED.

**PLAINTIFF'S EXHIBIT B**

MATURITY DATE
09/15/09

Thank You for Banking with BB&T

**BB&T**                                                    **Branch Banking & Trust Co.**

1909 K Street NW
Washington, DC 20006

July 6, 2007

Walter L. Blair
2600 Sunshine Ct.
Brookeville, MD 20833-1225

Re: DEFAULT AND DEMAND issued on June 28, 2007
    Loan Account Number 9550570952; Note Number 00001
    Amount Due As Of July 6, 2007: $670,617.00

Dear Mr. Blair:

Branch Banking and Trust Company ("Bank") previously sent Walter L. Blair ("Borrower") a demand letter dated June 28, 2007 pursuant to which the Bank demanded payment of all amounts owed by the Borrower to the Bank under the Loan Documents by noon on June 29, 2007. A second letter was sent on July 3, 2007 informing the Borrower that a partial payment in the amount of $6,000 was accepted and the Bank, in good faith, gave the Borrower until Friday, July 6, 2007, to fully satisfy all obligations under the note. The Bank has been decided not to accept the partial payment in the amount of $5,600; therefore you are hereby notified that check number 1089 drawn off account 5154236238 will be returned. This does not constitute a waiver of the demand status of the Loan or any of the Bank's rights, remedies, or recourse in connection with such defaults.

**PLEASE NOTE THE FOLLOWING:**

*The Bank shall not accept any payment marked "payment in full" as to a disputed account and reserves the right to reject all such payments. All communications concerning disputed amounts owed under this Agreement, including any payment tendered in good faith as full satisfaction of the amount owed, are to be sent to the following address:* **Disputed Payoff Department, BB&T - Loan Services P.O. Box 2306 Wilson, NC 27894-2306.** *Should you fail to send the communication or payment purporting to pay any disputed amount due hereunder in full, to the address designated above, this obligation will not be satisfied. Bank and you agree that tender of a check in full payment of any disputed amount to any address other than noted above shall not constitute tender in good faith.*

Sincerely,

*[signature]*
Regina McCoy
Assistant Vice President
202.835.9272

Cc: Blair & Associates, via FedEx mail

---

*[handwritten notes:]*

July 10, 2007 conversation

William

Mr. Ziegler is aware that June payment of $5600 is received and July payment not due until July 15, 2007, yet Bank wants to run up fees by sending to collections. July 10, 2007 no one available.

Bill Zegler, Vice President. Referred at the request of Jordon Spivok (301)469-3602, Ziegler's attorney

**PLAINTIFF'S EXHIBIT C**

D
07-1253
ESH

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Walter L. Blair

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  P.G.
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Walter L. Blair, Esquire
Blair & Lee, P.C.
4701 Melbourne Place
College Park, Maryland 20740

## DEFENDANTS
William Ziegler,
BB&T Bank d/b/a Branch Banking and Trust Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01253
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/12/2007
Description: TRO/PI

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ● 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊗ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☒ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☒ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

2

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☒ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1981 and 1983

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $40,000,000.00  Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 7/12/07        SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.