FILED

JUL 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WALTER BLAIR                                          )
4701 Melbourne Place                                 )
College Park, Maryland 20740                         )
                                        )
          Petitioner,                         )

v.

WILLIAM ZIEGLER, Vice President
BB&T Bank
1909 K Street, N.W.
Washington, D.C. 20006

and

BB&T Bank d/b/a Branch Banking and Trust Company
1909 K Street, N.W.
Washington, D.C. 20006

          Respondents.

Case: 1:07-cv-01253
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/12/2007
Description: TRO/PI

## PETITION FOR PRELIMINARY INJUNCTION

COMES NOW, Petitioner, Walter Blair, pro se, and petitions the Court that following a hearing on the matter between the parties, this Honorable Court grants to Petitioner an order of preliminary injunction against Defendants and their agents for the following reasons:

    1.     Petitioner, Walter L. Blair, is a lawyer practicing law primarily in Maryland and the District of Columbia, and is a citizen and resident of the State of Maryland. The subject commercial property, 4701 Melbourne Place, College Park, Maryland 20740, is located in Prince George's County, Maryland and is used primarily as a law firm on the second floor with offices rented out to physicians on the first floor.

1

3

2.    Respondent, William Ziegler, Vice President of BB&T Bank, is licensed to conduct lending and banking activities for commercial properties in the District of Columbia and the Washington metropolitan area.

3.    Respondent, BB&T Bank, is a bank licensed to conduct lending and banking activities in the District of Columbia and the Washington metropolitan area.

4.    For more than three (3) years, Petitioner established a loan (mortgage) agreement between Petitioner and Respondents concerning Petitioner's law office building located at 4701 Melbourne Place, College Park, Maryland 20740. In fact, Petitioner during the years 1999 and 2000, by his own hands, built the two story commercial building, the subject property, with the assistance of a few workers. This property is unique as built by Petitioner via his own hand. The subject note is approximately $650,000.00.

5.    On or about June 28, 2007, Respondents, William Ziegler, Vice President of BB&T, directed bank officer, Rush Seale, to call and write Petitioner for the May and June mortgage payments. Mr. Seale advised Petitioner on July 2, 2007 (Petitioner's first notice) that the payments for May 2007 and June 2007 had not been received and were due. On or by July 2, 2007, pursuant to Petitioner's agreement with BB&T's representative, Rush Seale, Rush Seale received $6,000.00 representing more than the May 2007 mortgage payment[1]. See **Exhibit A**. It was further agreed by Petitioner and Mr. Seale that the balance of the June 2007 mortgage payment would be paid within five (5) business days.

6.    On or by July 6, 2007, pursuant to agreement with Respondents, Petitioner paid the

---

[1]  Pursuant to agreement with Rush Seale, the May 2007 payment was received on or about July 3, 2007, including any late fee.

balance of June 2007 payment of $5,600.00 by delivering this payment to Maria Queen, an employee of Respondent, for Rush Seale at the College Park, Maryland BB&T Branch[2]. See **Exhibit B**.

7.      Petitioner had never before received any written demand from Respondent, BB&T, over the several years of this loan for any late payment and for reasons which reflect breach of contract, racial discriminatory action and harassment, Respondents have demanded Petitioner to pay $670,617.00 stemming from a demand of June 29, 2007 although Respondents were well aware that Petitioner did not receive any prior notice until on or about July 3, 2007 and that such demand is unconscionable, unreasonable and Respondents are aware that Petitioner cannot agree to such new terms.

8.      Petitioner alleges that Respondents' conduct via its June 28, 2007 letter, in demanding the full note of $670,617.00, to be paid that same day, (particularly when Respondents were aware that Petitioner did not receive notice of such demand until on or about July 3, 2007), amounts to unconscionable and unreasonable business practice by any bank in the United States of America, and Petitioner alleges that Respondents' conduct, orchestrated by its attorneys, Jordan Spivok, jointly and severally, amounts to racial hatred against Petitioner and is motivated by malice, ill will and evil intent.

9.      Petitioner has contracted with Respondents to pay $5,669.80 per month on this loan, i.e., $1,423.73 in interest and $4,246.07 in interest. Petitioner has paid fully under the agreement with Respondent, BB&T, prior to receiving the letter of July 6, 2007. See **Exhibit 3**, received July

---

[2] That payment was an overpayment since the only amount demanded at that time was $5,530.00. In good faith Petitioner paid $5,600.00 to cover the balance of June 2007 payment and any late fee although the BB&T did not demand any further late payment.

10, 2007. After Respondent, William Ziegler, by way of his assistant Regina McCoy, Assistant Vice President, received full payment from Petitioner, the same Respondent, William Ziegler, instructed his assistant, Regina Mccoy, to allegedly claim that Respondents were going to return the June 2007 payment of $5,600.00, alleging falsely that the monthly mortgage was not paid. Respondents claim that the monthly payments are due on the 1st of the month when in fact the note payments are due on the 15th of the month and late after the 30th day of the month.

10.    Although Respondents are well aware that as of the July 6, 2007, Petitioner had paid his loan pursuant to agreement and contract between Petitioner and Respondents, and although Respondents were well aware that no payment was due from Petitioner until July 15, 2007, in a conversation with Petitioner and Respondent, William Ziegler, on July 10, 2007, Respondent William Ziegler advised that whether or not all payments were made current, he did not want to accept payment or continue with the banking between Petitioner and Respondent stating that, "We are tired of dealing with you people," under circumstances where Petitioner can only take such statement as being a racial remark, as Petitioner is a black citizen of the United States and Respondents, William Ziegler is a caucasian male and BB&T is indeed owned by caucasian citizens of the United States. Petitioner further alleges that based on the historic victimization and persecution unjustly suffered by black citizens in the USA over the years since its establishment, the conduct of Respondents is alarming and requires strict scrutiny, particularly where Respondents' unjustified conduct threatens to deprive Petitioner of his unique commercial building and destroy Petitioner's law practice and the livelihood of Petitioner's family and the families and staff of Petitioner's law partners, associates and employees, all of whom (except for one) are of the African-American race.

4

11.    In addition to the racial remarks made by Respondent, William Ziegler, Respondents demonstrated their intention to break the longstanding contract and mortgage relationship between the parties and the agreement with Rush Seale on or about July 2, 2007 when Seale advised that two (2) payments were due in the amount of $11,530.09 and that he would accept such payments, the first of which was made by Petitioner and received by Seale on July 3, 2007 and that Seale further agreed to accept and did receive the second payment within five (5) business days on or before July 6, 2007, which payment was made by Petitioner and received by Maria Queen for Rush Seale for the Respondents, as agreed, on July 6, 2007.

12.    The loan agreement between Petitioner and Respondents reflected that the monthly payment is due on the 15th day of each month. The payment is not late until the 30th day of each month.

13.    Respondents' pattern and practice of business further reflects that they are engaged in a racket with their lawyers, or otherwise engaged in unfair consumer-lender relations, particularly where Respondents, for no valid reason, habitually forward undisputed loan matters, such as the instant claim by this Petitioner, to their lawyers which lawyers then adds an exorbitant amount of attorneys fees to the loan and then demands the borrower to pay such fee and loan when under the circumstances (such as Petitioner in this case and other Petitioners similarly situated) Petitioner should not have to be subjected to any attorneys' fees, liens and particularly when Respondents originally lured Petitioner to enter into this mortgage agreement with Respondents, in the first place.

14.    The conduct of Respondents in sending letters contrary to the agreement between Petitioner and Respondents, in frequent calls to Petitioner, and in writing and disturbing Petitioner's peace and enjoyment of the mortgaged property (in addition to threatening to have lawyers to get

5

involved and charge exorbitant fees to Petitioner) reflects harassment, intimidation, and to the extent that Respondents' wrongful conduct is motivated by race and evil intent and the fact that Petitioner is a black citizen of the United States (when juxtaposed with recent comments made by Respondents) such conduct amounts to racial discrimination in violation of the laws of the United States and the laws of the District of Columbia, and Petitioner alleges that Respondents' conduct, throughout all relevant times and dates, is motivated by malice and racial hatred against Petitioner.

15.    Respondent Ziegler on May 10, 2007 admitted that Defendants had a duty to check the monthly due dates (to ascertain whether said note payments were due on the 15 th day) but Respondents via Mr. Ziegler negligently and unreasonably refused to verify its own banking records because he stated he was directed by his lawyers, Jordan Spivok, and Respondent BB&T to turn the matter over to the attorneys under circumstances which he knew or should have known was wrongful and would cause Petitioner stress, strain, anxiety, sleepless nights and excessive worrying. See **Exhibit C**. Petitioner alleges that under the circumstances Respondents' conduct throughout all relevant dates and times is wrongful, malicious, motivated by racial hatred and violates the laws and statutes alleged herein but not limited to such laws and statutes for which Respondents have violated in their conduct against Petitioner.

16.    Such wrongful and indeed negligent conduct has caused and continues to cause Petitioner to wrongfully suffer stress, strain, anxiety, sleepless nights and excessive worrying.

17.    Respondents and Petitioner established an enforceable contractual relation where Petitioner borrowed an amount of money, approximately $600,000.00, secured by Petitioner's commercial building above-mentioned, and by which Petitioner was required to pay a monthly mortgage of approximately $5,669.00 to Respondents pursuant to a mortgage agreement signed by

6

the parties.

18.    However, in the month of June and July 2007, without notice or justification or prior warning or disagreement, Respondents breached the agreement between the parties by a letter stating they intend to return the June payment although July payment is not yet due and Respondents further breached the agreement by demanding the accelerated the total amount under the note in excess of $600,000.00 to be paid the same day of demand, that is, June 28, 2007, which conduct by Respondents reflect breach of contract, unfair business practice, unconscionable demand, which demand was delivered to Petitioner on or about July 3, 2007, after the date that full payment was demanded.

19.    Respondents' breach of contract amounts to unconstitutional behavior since the breach is based on racial animosity by Respondents and Respondents' hatred and ill will towards Petitioner based on Petitioner being a member of the African-American race and Respondents' breach of contract is for the purpose of destroying Petitioner's business, livelihood and the unfair and justifiable taking of Petitioner's unique commercial property under circumstances which reflect manifest injustice and an unjustifiable destruction of the contractual relations between the parties.

20.    Petitioner is an African-American citizen of the United States and all Respondents are caucasian citizens of the United States. Petitioner alleges that Respondents have engaged in a conspiracy whereby Respondents, jointly and severally, have manifested their intent to seize and sell Petitioner's commercial property located at 4701 Melbourne Place, College Park, Maryland 20740, for no lawful purpose and without any lawful justification and that Respondents are acting to destroy Petitioner's law practice and business and Petitioner's livelihood solely on the basis of Respondents' malicious attitude and conduct against Petitioner, Respondents' racial hatred and animosity against

7

Petitioner and Respondents' evil intent to harm Petitioner in violation of the laws of the United States as alleged herein.

21.    Respondents are well aware that the mortgage payments were and are made timely by Petitioner, yet Respondents refused to accept any further mortgage payments by Petitioner to Respondents and Respondents have accelerated their note requiring Petitioner to pay in excess of $600,000.00 when Respondents are well aware that Petitioner does not have said $600,000.00 and this conduct by Respondents to wrongfully take, seize and sell Petitioner's subject property below market rate is an intent by Respondents to ruin Petitioner for no other reason than Respondents' hatred of Petitioner on the basis of race as Petitioner is an African-American and on the basis of Respondents' malicious conduct and conduct motivated by evil intent which amounts to disparate treatment as Respondents do not treat their non-white customers and borrowers in such an inhumane fashion as Respondents are now conducting themselves wrongfully against Petitioner.

21.    Respondents' conduct has caused Petitioner to suffer stress, strain, anxiety, frustration, humiliation, bodily pains and sleepless nights and Respondents intend to cause Petitioner such harm on the basis of racial animosity, racial hatred and ill will in violation of the laws of the United States of America and Petitioner alleges that Respondents' conduct amounts fraud, gross negligence, and conspiracy all based on racial hatred.

22.    Respondents' conduct for all the reasons alleged herein amount to harassment, humiliation, placing Petitioner in public ridicule and causing Petitioner to suffer stress, strain and anxiety all on the basis of Respondents' conduct which is wrongful, based on ill will, racial animosity, spite and maliciousness without justification or cause.

23.    In addition to Respondent, William Ziegler's above-mentioned wrongful conduct, the

8

said William Ziegler on July 10, 2007, on behalf of all Respondents, when asked by Petitioner whether he had received all monthly payments due pursuant to the attached notice which Respondents sent to Petitioner(See **Exhibit B**), William Ziegler advised that although he knows he has a duty to verify whether payments are made timely and the loan is brought current, before sending out threatening letters and transferring the matters to his attorneys which he named as Jordan Spivok (301-469-3602), William Ziegler said he is not going to look and make sure all payments are made, whether his conduct is negligent or not.

24.    Respondent Ziegler stated that he need only to rely on his lawyers, Jordan Spivok, and refused to do any due diligence or make any reasonable conduct to make sure the monthly loan payments had been paid up to date and he refused to act reasonably to ascertain whether or not the loan to Petitioner was due on the 15th of each month. William Ziegler said he "did not know and was not going to find out" whether the July payment and all payments were due in fact, as Petitioner advised, on the 15th of each month and that the July 15, 2007 payment was not yet due during the conversation which occurred on July 10, 2007.

25.    Petitioner further alleges that the July payment, which is the only monthly payment in question, was not due even by the time this lawsuit and temporary restraining order was filed in federal court, which filing occurred on July 12, 2007, well prior to the July monthly payment which is due on July 15th 2007 and is not late until July 30th (as is the case in any and every given month in the contract between the parties).

26.    Under the circumstances, Respondents, jointly and severally, had a duty to ascertain the terms of the payment agreement and dates of the payment agreement between Petitioner and Respondents prior to taking adverse action against Petitioner and Petitioner's commercial property

9

in regards to the mortgage terms between the parties had a duty to check their records for accuracy. Respondents did not check for accuracies.

27.    Respondents, jointly and severally, breached their duty to Petitioner with respect to payment dates and with respect to Respondents' wrongful actions against Petitioner even where Petitioner's payments were all brought current before Respondents commenced any adverse action against Petitioner and his above-mentioned commercial property.

28.    Respondents' wrongful conduct proximately caused Petitioner to suffer injuries and damages as alleged throughout the Complaint.

29.    Respondents' negligence has caused Petitioner harm, including stress and strain, anxiety, humiliation, and sleepless nights, and has placed Petitioner in a position to lose Petitioner's commercial property and law practice under circumstances where Petitioner did not engage in any contributory negligence and under circumstances where Respondents' conduct was wrongful and in violation of any applicable law.

30.    This Preliminary Injunction is requested by Petitioner and is sought under meritorious circumstances and Petitioner represents to the Court that if the Petition for Preliminary Injunction is not granted, Respondents will seize his unique commercial property which was built by Petitioner's own hand, and Petitioner will lose his interest, business and real property all due to the wrongful, fraudulent, negligent, conspiratous conduct of these Respondents.

31.    Petitioner is likely to prevail on the merits of the Complaint.

32.    Petitioner will suffer substantial and irreparable harm in comparison to Respondents' harm, if any, if this Petition for Preliminary Injunction is not granted.

33.    This Petition for Preliminary Injunction is for the express purpose of preserving the

status quo.

34.     This Petition for Preliminary Injunction is meritorious, supported by public policy and is in the best interest of Petitioner and the public. Under the circumstances of the civil wrongs committed by Respondents, jointly and severally, their unlawful interference with Petitioner's commercial property and right to enjoy the use of his property free from such wrongful conduct by Respondents, permits the Court to grant preliminary injunction without Petitioner posting any bond and Petitioner respectfully requests that no bond be required or posted in order to permit the Court's issuance of this preliminary injunction.

35.     Petitioner requests that this Court enjoin Defendants and their agents from returning to Petitioner the monthly payments when submitted by Petitioner to Defendants reflecting the monthly mortgage payment notes as established by and through Defendants' monthly banking records and billing records to Petitioner, further identified as **Exhibit B** herein.

WHEREFORE, it is respectfully requested that following a hearing on the matter between the parties, this Honorable Court grants to Petitioner an order of preliminary injunction against all Defendants and their agents as follows:

a.     Petitioner requests that the Court grant this petition for preliminary injunction and enjoin Respondents William Ziegler and BB&T Bank and their agents, from owning, transferring, selling, attempting to own or interfering in any way with Petitioner's ownership and possessory rights to the subject property located at 4701 Melbourne Place, College Park, Maryland 20740, until further order of the Court.

b.     The Court grants to Petitioner a preliminary injunction against Defendants and their agents from returning the monthly payments made by Petitioner to Defendants, which amount of the

11

monthly note is approximately $5,669.80, including the payment previously made for June 2007, until further order of the Court; or

c.    Alternatively, the Court permit Petitioner to open up a new bank account and place the monthly payments in said bank account and preliminary enjoin Defendants from interfering in any way with said bank account in which Petitioner will place the monthly payments of $5,669.80 to be presented to the Court or the trier of fact, until further order of the Court.

d.    That the Court at its earliest convenience permit the hearing of the preliminary injunction and following said hearing the Court issue an order preliminarily enjoining Defendants by way of any further relief which the Court deems just and proper and that the preliminary inunction continues in full force and effect until further order of the Court.

Respectfully submitted,<br>
BLAIR & LEE, P.C.

_____

Walter L. Blair, Esquire, D.C. Bar # 471057

_____

Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

## VERIFICATION STATEMENT

I, Walter Blair, have read the Complaint and the Petition for Preliminary Injunction and all statements and allegations therein are true to the best of my knowledge and belief. I hereby verify

the statements to be true and accurate to the best of my knowledge under penalty of perjury.

_____
Walter L. Blair, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2007, a copy of the foregoing Petition

for Preliminary Injunction, Complaint and all appropriate and required pleadings were faxed

(301-513-0846) and mailed to:

WILLIAM ZIEGLER, Vice President
BB&T Bank
1909 K Street, N.W.
Washington, D.C. 20006

and

BB&T Bank d/b/a Branch Banking and Trust Company
1909 K Street, N.W.
Washington, D.C. 20006

SERVE: Larry M. Bell
1736 Independence Avenue, S.E.
Washington, D.C. 20003

_____
Walter L. Blair, Esquire

WLB/kwC:\My Documents\BLAIR, WALTER\BLAIR, WALTER\blair v bb&t preliminary injunction w6.wpd

13

**FILED**

JUL 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WALTER BLAIR                                    )
4701 Melbourne Place                            )
College Park, Maryland 20740                    )
                                                )
              Petitioner,                       )
                                                )
v.                                              )        Case No. _07 1253_
                                                )
WILLIAM ZIEGLER, Vice President                 )
BB&T Bank                                       )
1909 K Street, N.W.                             )
Washington, D.C. 20006                          )
                                                )
and                                             )
                                                )
BB&T d/b/a Branch Banking and Trust Company     )
1909 K Street, N.W.                             )
Washington, D.C. 20006                          )
                                                )
              Respondents.                      )
_____ )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR PRELIMINARY INJUNCTION

It is well settled law in this jurisdiction and throughout the United States that a court may

issue temporary restraining order and indeed preliminary injunction where the movant, Petitioner

in this regard, demonstrates that (1) a substantial likelihood of success on the merits, (2) that it would

suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially

injure other interested parties, and (4) that the public interest would be furthered by the injunction.

Cf. *Mova Pharm. Corp. v. Shalala*, 329 U.S.App. D.C. 341, 140 F.3d 1060, 1066 (D.C. Cir. 1998)

(quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 313 U.S. App. D.C. 178, 58 F. 3d 738,

746 (D.C. Cir. 1995); see also *World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000).

An analysis of the Complaint, Exhibits A through C, and the further allegations in the Petition for Temporary Restraining Order and Preliminary Injunction all reflect sufficient bases to justify the Court granting interim injunction (TRO or Preliminary Injunction) for Petitioner Blair. For further discussion on the issue of interim injunctive relief, see, *CX Transp., Inc. v. Williams*, 406 F. 3d 667, 670 (D.C. Cir. May 3, 2005) (citing *CityFed Fin. Corp.*, 58 F. 3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747.

Under circumstances as presented by Petitioner Blair, interim injunctive relief should be granted for this Petitioner.

WHEREFORE, it is respectfully requested that following a hearing on the matter between the parties, this Honorable Court grants to Petitioner an order of preliminary injunction against all Defendants and their agents as follows:

a.      Petitioner requests that the Court grant this petition for preliminary injunction and enjoin Respondents William Ziegler and BB&T Bank and their agents, from owning, transferring, selling, attempting to own or interfering in any way with Petitioner's ownership and possessory rights to the subject property located at 4701 Melbourne Place, College Park, Maryland 20740, until further order of the Court.

b.      The Court grants to Petitioner a preliminary injunction against Defendants and their agents from returning the monthly payments made by Petitioner to Defendants, which amount of the monthly note is approximately $5,669.80, including the payment previously made for June 2007, until further order of the Court; or

c.    Alternatively, the Court permit Petitioner to open up a new bank account and place

the monthly payments in said bank account and preliminary enjoin Defendants from interfering in

any way with said bank account in which Petitioner will place the monthly payments of $5,669.80

to be presented to the Court or the trier of fact, until further order of the Court.

d.    That the Court at its earliest convenience permit the hearing of the preliminary

injunction and following said hearing the Court issue an order preliminarily enjoining Defendants

by way of any further relief which the Court deems just and proper and that the preliminary inunction

continues in full force and effect until further order of the Court.

Respectfully submitted,
BLAIR & LEE, P.C.

Walter L. Blair, Esquire, D.C. Bar # 471057

Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2007, a copy of the foregoing Petition

for Preliminary Injunction, Complaint and all appropriate and required pleadings were faxed (301)

513-0846, and mailed to:

WILLIAM ZIEGLER,Vice President
BB&T Bank
1909 K Street, N.W.
Washington, D.C. 20006

and

BB&T Bank d/b/a Branch Banking and Trust Company
1909 K Street, N.W.
Washington, D.C. 20006

SERVE: Larry M. Bell
1736 Independence Avenue, S.E.
Washington, D.C. 20003

Walter L. Blair, Esquire

| CUSTOMER | NOTE | TC | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|---|
| | | | | 05/15/07 |

30 DAYS PAST DUE STATEMENT

BL  WALTER L BLAIR
2600 SUNSHINE CT
BROOKEVILLE MD 20833-1225

*7/2/07*
*Memo*
*To Rush Seal*
*From Walter Blair*

**TOTAL DUE**

11,530.

INDICATE AMOUNT ENCLOSED BELOW

BB&T OF MD BUSINESS LOAN CENTER
PO BOX 580003
CHARLOTTE, NC 28258-0003

**07 1253**  **FILED**

"0000 1" ⑆526022229⑆    9550570952" 84

JUL 12 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**IMPORTANT:** DETACH AND RETURN THE ABOVE PORTION WITH YOUR PAYMENT – RETAIN THIS PORTION FOR YOUR RECORDS.

| CUSTOMER NAME | | ACCOUNT NUMBER | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|---|
| WALTER L BLAIR | | 9550570952-00001 | 06/14/07 | 05/15/07 |

| CURRENT AMOUNT DUE | | | DAILY INTEREST CHARGE | PAST DUE AMOUNT | TOTAL DUE |
|---|---|---|---|---|---|
| PRINCIPAL | INTEREST | FEES | | | |
| 1,423.73 | 4,246.07 | .00 | 137.0074 | 5,860.29 | 11,530.09 |

| DATE | DESCRIPTION | PRINCIPAL | INTEREST | FEES | INTEREST RATE | OUTSTANDING PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|
| | CURRENT RATE | | | | 7.50 | 657,635.85 |

*7/2/07*

*Attn: Mr. Rush Seal*
*fax*

*Per agreement today, I*
*re-cencel UPS notice and I*
*am paying $6000.00 for*
*May 2007 mortgage + late fee*
*Bal. of $5,530.09 to be paid w/I five*
*business days. W. Blair*

---

ONLY CHECKS OR MONEY ORDERS SHOULD BE SENT BY MAIL. THE TOP PORTION OF YOUR BUSINESS LOAN STATEMENT MUST ACCOMPANY PAYMENT.

THIS STATEMENT DOES NOT REFLECT ACTIVITY AFTER STATEMENT DATE ABOVE.

PAYMENTS CAN BE ACCEPTED AT TELLER WINDOWS OF ANY BRANCH. IF PAYMENT IS RECEIVED BY 2:00 P.M., IT WILL BE ACCOUNT THE SAME DAY. IF RECEIVED AFTER 2:00P.M., IT WILL BE CREDITED AS OF THE FOLLOWING BUSINESS DAY.

IF YOU ARE PAYING OFF YOUR LOAN IN FULL, ADD THE DAILY INTEREST CHARGE FOR EACH DAY AFTER THE DUE DATE UNTIL PAYMENT IS RECEIVED.

MATURITY DATE
09/15/09

**PLAINTIFF'S EXHIBIT A**
PENGAD 800-631-6989

Thank You for banking with BB&T



THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM

22487 / M 33991-N

OFFICIAL CHECK

5-709/

80369906

ISSUING BRANCH  2613708-SUBURBAN MD - COL

DATE   JULY 02, 2007

PAY TO THE
ORDER OF    BB&T

BB&T/6,000.00&00CTS   $   *** $6,000.00 **

DOLLARS

DRAWER BB&T
AUTHORIZED SIGNATURE

**BB&T**
ISSUED BY MONEYGRAM PAYMENT SYSTEMS, INC.
P.O. BOX 9476, MINNEAPOLIS, MN 55480
DRAWEE: BOSTON SAFE DEPOSIT & TRUST CO., BOSTON, MASSACHUSETTS

MEMO/PURCHASER   ACCOUNT # 9550570952  WALTER BLAIR

⑆80369906⑆ ⑈011007092⑈0160010451092⑆

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK. THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE AND BORDER. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

**BB&T**

| | 2613770 50162 | | 9550570952 | NOTE | TC | STATEMENT DATE | PAYMENT DUE DA |
|---|---|---|---|---|---|---|---|
| | | | | 00001 | 84 | 06/25/07 | 06/15/07 |

**DAYS PAST DUE STATEMENT**

```
BL   WALTER L BLAIR
     2600 SUNSHINE CT
     BROOKEVILLE MD  20833-1225
```

_ 07 1253

**FILED**

JUL 1 2 2007

INDICATE AMOUNT ENCLOSED BELOW

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**TOTAL DUE**
11,530.

```
BB&T OF MD BUSINESS LOAN CENTER
PO BOX 580003
CHARLOTTE, NC 28258-0003
```

"00001" :526022229: 9550570952" 84

**IMPORTANT:** DETACH AND RETURN THE ABOVE PORTION WITH YOUR PAYMENT – RETAIN THIS PORTION FOR YOUR RECORDS.

| CUSTOMER NAME | ACCOUNT NUMBER | STATEMENT DATE | PAYMENT DUE DATE |
|---|---|---|---|
| WALTER L BLAIR | 9550570952-00001 | 06/25/07 | 06/15/07 |

| CURRENT AMOUNT DUE | | | DAILY INTEREST CHARGE | PAST DUE AMOUNT | TOTAL DUE |
|---|---|---|---|---|---|
| PRINCIPAL | INTEREST | FEES | | | |
| .00 | .00 | .00 | 137.0074 | 11,530.09 | 11,530.09 |

| DATE | DESCRIPTION | PRINCIPAL | INTEREST | FEES | INTEREST RATE | OUTSTANDING PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|
| | CURRENT RATE | | | | 7.50 | 657,635.85 |

*7/6/07*

*Dear Mr. Seals & Ms. McCoy*

*1. This mortgage bill reflects arrears $11,530*

*2. on 7/2/07 I paid (For May) $ 6,000.00*
*2,007*

*3. on 7/5/07 (received by BB&T) - $5,600.00*
*(For June 07)*

*4. This payment demonstrates I have paid this note up-to-date with credit for over late fee now paid.*
*Sincerely, Walter L Blair*

**IF YOUR PAYMENT IS NOT RECEIVED BY 08/30/07, A LATE FEE OF $283.49 WILL BE ASSESSED.**

**PLAINTIFF'S EXHIBIT B**

NLY CHECKS OR MONEY ORDERS SHOULD BE SENT BY MAIL. THE TOP PORTION OF YOUR BUSINESS LOAN STATEM...

IS STATEMENT DOES NOT REFLECT ACTIVITY AFTER STATEMENT DATE ABOVE.

YMENTS CAN BE ACCEPTED AT TELLER WINDOWS OF ANY BRANCH. IF PAYMENT IS RECEIVED BY 2:00 P.M., IT WILL
COUNT THE SAME DAY. IF RECEIVED AFTER 2:00 P.M., IT WILL BE CREDITED AS OF THE FOLLOWING BUSINESS DAY

OU ARE PAYING OFF YOUR LOAN IN FULL, ADD THE DAILY INTEREST CHARGE FOR EACH DAY AFTER THE DUE DAT
RECEIVED.

**MATURITY DATE**
09/15/09

Thank You for Banking with BB&T

# BB&T

**Branch Banking & Trust Co.**

1909 K Street NW
Washington, DC 20006

07 1253

July 6, 2007

**FILED**

JUL 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Walter L. Blair
2600 Sunshine Ct.
Brookeville, MD 20833-1225

Re: DEFAULT AND DEMAND issued on June 28, 2007
    Loan Account Number 9550570952; Note Number 00001
    Amount Due As Of July 6, 2007: $670,617.00

Dear Mr. Blair:

Branch Banking and Trust Company ("Bank") previously sent Walter L. Blair ("Borrower") a demand letter dated June 28, 2007 pursuant to which the Bank demanded payment of all amounts owed by the Borrower to the Bank under the Loan Documents by noon on June 29, 2007. A second letter was sent on July 3, 2007 informing the Borrower that a partial payment in the amount of $6,000 was accepted and the Bank, in good faith, gave the Borrower until Friday, July 6, 2007, to fully satisfy all obligations under the note. The Bank has been decided not to accept the partial payment in the amount of $5,600; therefore you are hereby notified that check number 1089 drawn off account 5154236238 will be returned. This does not constitute a waiver of the demand status of the Loan or any of the Bank's rights, remedies, or recourse in connection with such defaults.

## PLEASE NOTE THE FOLLOWING:

*The Bank shall not accept any payment marked "payment in full" as to a disputed account and reserves the right to reject all such payments. All communications concerning disputed amounts owed under this Agreement, including any payment tendered in good faith as full satisfaction of the amount owed, are to be sent to the following address: **Disputed Payoff Department, BB&T - Loan Services P.O. Box 2306 Wilson, NC 27894-2306.** Should you fail to send the communication or payment purporting to pay any disputed amount due hereunder in full, to the address designated above, this obligation will not be satisfied. Bank and you agree that tender of a check in full payment of any disputed amount to any address other than noted above shall not constitute tender in good faith.*

Sincerely,

Regina McCoy
Assistant Vice President
202.835.9272

Cc: Blair & Associates, via FedEx mail

*July 10, 2007 conversation*

*William*

*Mr. Ziegler is aware that June payment of $5600 is received and July payment not due until July 15, 2007 yet, Bank wants to run up fees by ...*

*July 10, 2007 no one available*

*Bill Zegler, Vice President. Refer'd at the request.*

*Jordan Spivok (301) 469-3602, Ziegler's attorney.*

PENGAD 800-631-6989

**PLAINTIFF'S EXHIBIT**

C