UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM ZIEGLER, Vice President of BB&T Bank <br><br> and <br><br> BB&T Bank <br> d/b/a Branch Banking and Trust Company <br><br> Respondents. | Case No. 1:07-CV-01253 |

### SUPPLEMENTAL PETITION FOR PRELIMINARY INJUNCTION BASED ON DISINGENUOUS STATEMENT OF RESPONDENTS' COUNSEL, JORDAN M. SPIVOK

COMES NOW, Petitioner, Walter Blair, pro se, and for this Supplemental Petition for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok, states as follows:

1. On July 12, 2007, during the telephonic conference before the Honorable Ellen S. Huvelle, United States District Court Judge, the question of whether Respondents were planning to file a foreclosure action against Petitioner was raised.

2. Jordan M. Spivok, Esquire, for Respondents Ziegler and BB&T Bank, advised the Court in what can only be considered as a disingenuous statement that <u>he had in fact filed</u> foreclosure proceedings against Attorney Blair in the Circuit Court of Prince George's County, yesterday, i.e.,

1

July 11, 2007. However, Respondents and counsel must be aware by now that the July 2007 mortgage payment is not due until July 15, 2007 or by negligence they are acting wrongfully to harm Petitioner In fact, Attorney Blair, in the presence of his partner, Attorney Sandy Lee, and Attorney George Smith, present at the telephonic conference, requested that Mr. Spivok forward a copy of the foreclosure action which he had <u>filed</u> yesterday, July 11, 2007. Mr. Spivok advised that he would do so.

3. The representation by Mr. Spivok, at very least, is disingenuous to the United States District Court Judge since Petitioner's law clerk immediately went to the courthouse and checked with the clerks and the appropriate officials of the Circuit Court of Prince George's County. Petitioner's clerk has advised that no such foreclosure action has been filed in the Circuit Court of Prince George's County yesterday, July 11, 2007, or today July 12, 2007 as of 4:00 p.m. See **Exhibit 1**, the Affidavit of Kevin Williams, paralegal for Petitioner, Blair & Lee, P.C. The statement by Attorney Spivok was not only false but Attorney Spivok made the statement to the Court on a material issue in the case.

4. The statement of Jordan Spivok is disingenuous and false as directed to the Court and is indeed sanctionable on its face. Attorney Spivok's conduct is not motivated by any ethical duties to his client. His conduct appears not only contemptuous to the Court; but worse, the conduct stemming from his statement appears contumacious.

5. In addition to the above information, Petitioner is curious as to Spivok's claimed filing of July 11, 2007 foreclosure action since on July 11, 2007, Spivok mailed to Petitioner a letter advising of the various steps concerning foreclosure but nothing was stated by Spivok in his July 11, 2007 letter that he had filed foreclosure action, contrary to his advise to the Honorable Court. See

2

**Exhibit 2**. Moreover, the letter speaks of residential property. The subject property is clearly a commercial property. The letter appears to be friendly advice as to what could happen in the event of foreclosure. It is not notice at all. See again, **Exhibit 2**.

6. In Petitioner's Complaint and attached documents and before this Honorable Court on July 12, 2007, Petitioner has advised the Court that something is very wrong with the actions and statements taken by these Respondents and their Attorney Jordan Spivok in this case thus far, particularly where there is admitted bad blood, *inter alia*, between Jordan Spivok, Esquire and Walter L. Blair, Esquire. Mr. Spivok has lost his objectivity in this matter.

7. For all the reasons raised in the Complaint and the various injunctive petitions sought by Petitioner and for reasons presented to this Honorable Court telephonically on July 12, 2007, Petitioner respectfully requests that:

    A. The Court grant to Petitioner any and all reasonable relief including enjoining Respondents from returning the monthly payments, including June 2007 payment and July 2007 payment which is in fact not due until the July 15, 2007;

    B. The Court enjoin Respondents from taking any adverse action against Petitioner's rights and to prevent any foreclosure action by Respondents against Petitioner Blair, where Respondents are attempting to wrongfully seize Petitioner's commercial property located at 4701 Melbourne Place, College Park, Maryland;

    C. The Court enjoin Respondents from increasing the interest rates on the loan account of Petitioner, Loan Number 9550570952[1];

---

[1] See, for example, Respondents' letter of July 3, 2007 reflecting interest rate between June 28, 2007 through July 3, 2007 at 2:00 p.m., a matter of five (5) days, to have been increased by $10,204.55.

3

D. The Court enjoin Respondents and their counsel from requiring Petitioner to pay any of Respondents' attorney's fees and/or using any attorney's fees generated after June 1, 2007 as a basis of an accumulation of monies which Petitioner must pay;

E. The Court enjoin Respondents from attempting to raise the outstanding principal balance above $650,635.00, as reflected in the monthly statement dated June 25, 2007, reflected as Petitioner's Exhibit B attached to the Petition for Preliminary Injunction;

F. The Court take appropriate steps to discipline Respondents' counsel, Jordan Spivok, Esquire including, but not limited to disqualifying Mr. Spivok or anyone from his law firm to act as any attorney for Respondents in this case; and

G. The Court enjoin any foreclosure action or adverse action by Spivok or Respondents against Petitioner Blair, as orchestrated, filed or engineered by Respondents or their counsel, Jordan Spivok, Esquire, be immediately dismissed.

WHEREFORE, it is respectfully requested that Supplemental Motion for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok, and that any such action be granted.

Respectfully submitted,
BLAIR & LEE, P.C.

_____
Walter L. Blair, Esquire, D.C. Bar #471057

_____
Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740

4

(301) 474-4700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2007, a copy of the foregoing Supplemental Petition for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok was faxed, (301) 469-3601 and mailed to Jordan M. Spivok, Esquire, Protas, Spivok & Collins, LLC, 4550 Montgomery Avenue, Suite 1125, Bethesda, Maryland 20814.

_____
Walter L. Blair, Esquire

WLB/kw C:\My Documents\BLAIR, WALTER\BLAIR, WALTER\blair v bb&t supplemental motion for preliminary injunction w6.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 1:07-CV-01253 |
| WILLIAM ZIEGLER, Vice President of BB&T Bank | ) |
| and | ) |
| BB&T Bank d/b/a Branch Banking and Trust Company | ) |
|       Respondents. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUPPLEMENTAL PETITION FOR PRELIMINARY INJUNCTION BASED ON DISINGENUOUS STATEMENT OF RESPONDENTS' COUNSEL, JORDAN M. SPIVOK

It is well settled law in this jurisdiction and throughout the United States that a court may issue temporary restraining order and indeed preliminary injunction where the movant, Petitioner in this regard, demonstrates that (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. Cf. *Mova Pharm. Corp. v. Shalala*, 329 U.S.App. D.C. 341, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 313 U.S. App. D.C. 178, 58 F. 3d 738, 746 (D.C. Cir. 1995); see also *World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000).

An analysis of the Complaint, Exhibits A through C, the Affidavit of Kevin Williams, and this Supplemental Petition, **Exhibits 1 and 2**, and the further allegations in the Petition for Temporary Restraining Order and Preliminary Injunction all reflect sufficient bases to justify the Court granting interim injunction (TRO or Preliminary Injunction) for Petitioner Blair. For further discussion on the issue of interim injunctive relief, see, *CX Transp., Inc. v. Williams*, 406 F. 3d 667, 670 (D.C. Cir. May 3, 2005) (citing *CityFed Fin. Corp.*, 58 F. 3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury" and where the evidence reflects Petitioner's civil rights are being violated and where Respondents and their conduct appear disingenuous to the Court. *CityFed Fin. Corp.*, 58 F.3d at 747.

Under circumstances as presented by Petitioner Blair, interim injunctive relief should be granted for this Petitioner.

WHEREFORE, it is respectfully requested that Supplemental Motion for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok, be granted.

Respectfully submitted,
BLAIR & LEE, P.C.

_____
Walter L. Blair, Esquire, D.C. Bar # 471057

_____
Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2007, a copy of the foregoing Supplemental Motion for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok was faxed, (301) 469-3601 and mailed to Jordan M. Spivok, Esquire, Protas, Spivok & Collins, LLC, 4550 Montgomery Avenue, Suite 1125, Bethesda, Maryland 20814.

Walter L. Blair, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-01253 |
| ) | |
| WILLIAM ZIEGLER, Vice President of ) | |
| BB&T Bank ) | |
| ) | |
| and ) | |
| ) | |
| BB&T Bank ) | |
| d/b/a Branch Banking and Trust Company ) | |
| ) | |
| Defendants. ) | |
| ) | |

### AFFIDAVIT OF KEVIN WILLIAMS, PARALEGAL FOR PLAINTIFF

I, Kevin Williams, after being first under oath make this Affidavit and state as follows:

1. I am an adult over the age of 21 years old.

2. I am employed by the law firm of Blair & Lee, P.C., located at 4701 Melbourne Place, College Park, Maryland 20740.

3. I am a Paralegal and an Administrative Assistant to the law firm of Blair & Lee, P.C.

4. On July 27, 2007, following the telephonic conference between Plaintiff, Walter Blair and Jordan Spivok, Esquire, before the Honorable, U.S. District Court Judge, Ellen S. Huevelle, Plaintiff dispatched me to go to the Circuit Court of Prince George's County to see if Defendants and/or Defendants' attorney, Jordan Spivok, had filed a foreclosure action against Attorney Walter Blair.

1



5.  On July 12, 2007, at approximately 4:00 p.m., I appeared before the Clerk of the Circuit Court of Prince George's County and made detailed inquiries as to whether any such foreclosure petition or action had been filed by Defendants, BB&T Bank, or its lawyer, Mr. Jordan Spivok, as represented to the Court by Mr. Spivok.

6.  After diligent search and inquiry of the clerks, I have been advised that no such foreclosure action has been filed in the Circuit Court of Prince George's County.

And further the Affiant sayeth not.

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 12th DAY OF JULY, 2007.

_____
KEVIN WILLIAMS

NOTARY PUBLIC: _____

MY COMMISSION EXPIRES: 10/11/08

WLB/kW C:\My Documents\BLAIR, WALTER\BLAIR, WALTER\blair v bb&t (kevin williams affidavit) w6.wpd

LAW OFFICES

## PROTAS, SPIVOK & COLLINS, LLC

HARRY PROTAS (1909-1981)
JORDAN M. SPIVOK (D.C. & MD)
PHILIP J. COLLINS (D.C. & MD)
T. CHAPPELL ALDRIDGE (D.C., MD & VA)
STEPHEN G. HOWE (D.C. & MD)

OF COUNSEL:
WILLIAM R. FELDMAN (D.C., MD & VA)
NEAL J. MARKOWITZ (D.C. & MD)

Writer's Private Line:
(301) 469-3602
Writer's E-Mail:
jspivok@psclaw.net

4550 MONTGOMERY AVENUE
NORTH LOBBY TWO, SUITE 1125
BETHESDA, MARYLAND 20814-3228

MAIN LINE (301) 469-3600
FACSIMILE (301) 469-3601
WWW.PSCLAW.NET

JUL 1 2 2007

July 11, 2007

**Via Certified Mail and**
**First Class Mail**

Walter L. Blair, Esquire
4701 Melbourne Place
College Park, MD 20740

Re: Indebtedness of Walter L. Blair ("Borrower") to Branch Banking & Trust Company under a Promissory Note dated September 28, 2004 in the original amount of $700,000.00 and secured by a Deed of Trust and Security Agreement of even date.
My File No. J36670

Dear Mr. Blair:

### Notice Required by Maryland Law

Mortgage foreclosure is a complex process. Some people may approach you about "saving" your home. You should be careful about any such promises.

The State encourages you to become informed about your options in foreclosure before entering into any agreements with anyone in connection with the foreclosure of your home. There are government agencies and nonprofit organizations that you may contact for helpful information about the foreclosure process. For the name and telephone of an organization near you, please call the Consumer Protection Division of the Office of the Attorney General of Maryland at 1-888-743-0023. The State does not guarantee the advice of these organizations.

Do not delay dealing with the foreclosure because your options may become more limited as time passes.

Very truly yours,

Jordan M. Spivok
Attorney for Branch Banking & Trust Company

PLAINTIFF'S EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WALTER BLAIR, )
)
    Petitioner, )
)
v. ) Case No. 1:07-CV-01253
)
WILLIAM ZIEGLER, Vice President of )
BB&T Bank )
)
and )
)
BB&T Bank )
d/b/a Branch Banking and Trust Company )
)
    Respondents. )
_____)

**PRELIMINARY INJUNCTION ORDER**

UPON CONSIDERATION of the Supplemental Petition for Preliminary Injunction, including the Supplement filed July 12, 2007, opposition thereto, following a hearing on the matter between the parties, and it appearing to the Court that good cause is shown why the Preliminary Injunction sought by Petitioner should be granted, it is on this ____ day of July, 2007,

ORDERED, that the Petition for Preliminary Injunction is GRANTED, and it is further,

ORDERED, that Respondents and their agents are preliminary enjoined from terminating or attempting to terminate the mortgage loan agreement between Petitioner and Respondent, BB&T Bank, the subject of this litigation, until further order of the Court, and it is further,

ORDERED, that Respondents and their agents are preliminarily enjoined from foreclosing against, owning, transferring, selling, attempting to foreclose or own or interfering in any way with

Petitioner's ownership and possessory rights, and interests and to the subject property located at 4701 Melbourne Place, College Park, Maryland 20740, until further order of the Court, and it is further,

ORDERED, that the Respondents and their agents are preliminarily enjoined from returning the monthly payments submitted or to be submitted by Petitioner to Respondents, which amount of the monthly note is approximately $5,669.80, including the payment previously paid by Petitioner for June 2007, and it is further,

ORDERED, that Respondents and their agents are enjoined from raising the outstanding principal balance of $657,635.85 on the note until further order of the court, and it is further,

ORDERED, that alternatively, the Court permit Petitioner to open up a new bank account and place the monthly mortgage note payments in said bank account and Respondents and their agents are preliminarily enjoined from interfering in any way with said bank account in which Petitioner will place the monthly payments of $5,669.80 to be presented to the Court or the trier of fact, until further order of the Court, and it is further,

ORDERED, that this preliminary hearing shall be in full force and effect against Respondents and their agents, until further order of the Court.

                                                                                                    U.S. DISTRICT COURT JUDGE

cc:    Walter L. Blair, Esquire

         Jordan M. Spivok, Esquire