UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 1:07-CV-01253 |
| WILLIAM ZIEGLER, et al. | ) |
|       Respondents. | ) |

## PETITIONER'S RESPONSE TO REPLY TO SUPPLEMENTAL PETITION FOR PRELIMINARY INJUNCTION BASED ON DISINGENUOUS STATEMENT OF RESPONDENTS' COUNSEL, JORDAN M. SPIVOK

COMES NOW, Petitioner, Walter Blair, pro se, and files Petitioner's Response to Reply to Supplemental Petition for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok, for the following reasons:

1. The reply by Mr. Spivok needs the Court's serious consideration because it does not make sense.

2. Mr. Spivok advised everyone at the telephonic conference of July 12, 2007, that he had <u>filed</u> the foreclosure action against Petitioner Blair on July 11, 2007 (He said, "yesterday," i.e., July 11, 2007).

3. Now in paragraph 2 of his reply, he engages in very confusing double talk by stating, "The foreclosure action was filed on July 11, 2007," and in the same sentence he claims "and delivered to the Circuit Court for Prince George's County via Federal Express." That is not filed. Filed is when the Clerk for the Court receives it and stamps "Received."

1

4.   Mr. Spivok, who appears to be a stickler for forcing people to do things on dates, otherwise they will have serious financial and interest consequences or foreclosure consequences, should be held to the same standard with respect to which he forces borrowers.

5.   The fact is, that on Friday, July 13, 2007, the Clerk of Prince George's County, Ms. Quaina Brooks, did conduct diligent search (after Petitioner Blair submitted his Supplemental Petition for Preliminary Injunction), and called Blair & Lee, P.C.'s office at assistant, Kevin Wlliams' request, and she advised that Mr. Spivok did not file any such papers in the Court, contrary to his advise in his reply, until **July 12, 2007**.

6.   There is no two ways about this situation. Either Mr. Spivok is telling the truth and understands when something is filed or he is not telling the truth and does not understand the meaning of the word "filed" as it related to the commencement of an action. See Maryland Rules of Civil Procedure, Rule 2-101, Commencement of Action. 2-101(a). "Section (a) is derived from FRCP 3..." Michie's Annotated Code of Maryland, Maryland Rules, Volume 1, 2002 Replacement Edition at 103. Again, since Spivok and his law firm are sticklers for dates and times, they must be held to the same standard.

7.   Reading between the lines of Mr. Spivok's reply, it is abundantly clear that he did not file the foreclosure action on the date he advised the Court that he did, that is, July 11, 2007. Any document which he did file, and Plaintiff still does not know what he filed, occurred on or after July 12, 2007.

WHEREFORE, it is respectfully requested that the relief sought in the Petition for Preliminary Injunction filed July 12, 2007, and the relief sought in the first Supplemental Petition for Preliminary Injunction served on Defendants July 13, 2007, and the relief sought in the second

Supplemental Petition for Preliminary Injunction served on Defendants on July 13, 2007, and based on all the submissions to date filed by Petitioner, be granted as requested in the Preliminary Injunction as well as the Supplements to the Petition for Preliminary Injunction.

Respectfully submitted,<br>
BLAIR & LEE, P.C.<br>
<br>
_____/s/_____<br>
Walter L. Blair, Esquire, D.C. Bar # 471057<br>
<br>
_____/s/_____<br>
Sandy V. Lee, Esquire, D.C. Bar# 361460<br>
4701 Melbourne Place<br>
College Park, MD 20740<br>
(301) 474-4700

## CERTIFICATE OF E-FILING

I HEREBY CERTIFY that on this 16th day of July, 2007, a copy of the foregoing Petitioner's Response to Reply to Supplemental Petition for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok was electronically filed and so served upon Jordan M. Spivok, Esquire, Protas, Spivok & Collins, LLC, 4550 Montgomery Avenue, Suite 1125, Bethesda, Maryland 20814.

_____/s/_____<br>
Walter L. Blair, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM ZIEGLER, et al. )<br>)<br>Respondents. )<br>_____) | Case No. 1:07-CV-01253 |

### MEMORANDUM OF POINTS AND AUTHORITIES

Respondents reply to Petitioner's allegation, that Respondents' counsel misinformed the Court that he filed a foreclosure action against Petitioner on July 11, 2007, by asserting that he used Federal Express to forward some document to the Clerk on July 11, 2007. The date when a person uses Federal Express to mail something to the Court is not filing anywhere in the State of Maryland or the United States District Courts. Maryland Rule 2-101, Commencement of Action, (a) states, "A civil action is commenced by filing a complaint with a court." Such action by Attorney Spivok was not done on July 11, 2007, the date he has advised the Court that he filed. At best, whatever he filed was received by the Clerk on July 12, 2007. See Rule 2-101(a).

More specifically, Maryland Rule 2-101(a), Chapter 100, Commencement of Action and Process, states that Section (a) is derived from the Federal Rules of Civil Procedure, Rule 3. Nothing in the Maryland Rule or the Federal Rule states that filing being the date someone deposits pleadings with Federal Express. The Federal Rules of Civil Procedure, Rule 3, Commencement of Action, states, "A civil action is commenced by filing a complaint with the court. [Adopted Dec. 20, 1937,

4

effective Sept. 16, 1938.]" The Rule does not allow for the filing of documents by Federal Express as a basis or as proof of filing any document with the Court.

More specifically, the issue is resolved by the statement of the Clerk, Quaina Brooks, Court Clerk telephone number (301) 952-3240, reported to Petitioner's office on inquiry, that Attorney Spivok did not file any document involving Petitioner on July 11, 2007. Whatever he did file, at best it was filed on or after July 12, 2007. Accordingly, the representation by Attorney Jordan Spivok on the subject is disingenuous.

WHEREFORE, it is respectfully requested that the relief sought in the Petition for Preliminary Injunction filed July 12, 2007, and the relief sought in the first Supplemental Petition for Preliminary Injunction served on Defendants July 13, 2007, and the relief sought in the second Supplemental Petition for Preliminary Injunction served on Defendants on July 13, 2007, and based on all the submissions to date filed by Petitioner, be granted as requested in the Preliminary Injunction as well as the Supplements to the Petition for Preliminary Injunction.

Respectfully submitted,
BLAIR & LEE, P.C.

_____/s/_____
Walter L. Blair, Esquire, D.C. Bar # 471057

_____/s/_____
Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

### CERTIFICATE OF E-FILING

I HEREBY CERTIFY that on this 16th day of July, 2007, a copy of the foregoing Petitioner's Response to Reply to Supplemental Petition for Preliminary Injunction Based on Disingenuous

Statement of Respondents' Counsel, Jordan M. Spivok was electronically filed and so served upon Jordan M. Spivok, Esquire, Protas, Spivok & Collins, LLC, 4550 Montgomery Avenue, Suite 1125, Bethesda, Maryland 20814.

                                                                                                     _____/s/_____
                                                                                             Walter L. Blair, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WALTER BLAIR, )<br>)<br>        Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM ZIEGLER, Vice President of )<br>BB&T Bank )<br>)<br>and )<br>)<br>BB&T Bank )<br>d/b/a Branch Banking and Trust Company )<br>)<br>        Respondents. )<br>_____) | Case No. 1:07-CV-01253 |

**PRELIMINARY INJUNCTION ORDER**

UPON CONSIDERATION of the Petitioner's Response to Reply to Supplemental Petition for Preliminary Injunction Based on Disingenuous Statement of Respondents' Counsel, Jordan M. Spivok, opposition thereto, following a hearing on the matter between the parties, and it appearing to the Court that good cause is shown why the Preliminary Injunction sought by Petitioner should be granted, it is on this \_\_\_\_ day of July, 2007,

ORDERED, that the Petition for Preliminary Injunction is GRANTED, and it is further,

**ORDERED, that Respondents are enjoined from accelerating the terms of the note between Petitioner and Respondents,** and it is further,

ORDERED, that Respondents and their agents are preliminary enjoined from terminating or attempting to terminate the mortgage loan agreement between Petitioner and Respondent, BB&T Bank, the subject of this litigation, until further order of the Court, and it is further,

ORDERED, that Respondents and their agents are preliminarily enjoined from foreclosing against, owning, transferring, selling, attempting to foreclose or own or interfering in any way with Petitioner's ownership and possessory rights, and interests and to the subject property located at 4701 Melbourne Place, College Park, Maryland 20740, until further order of the Court, and it is further,

ORDERED, that the Respondents and their agents are preliminarily enjoined from returning the monthly payments submitted or to be submitted by Petitioner to Respondents, which amount of the monthly note is approximately $5,669.80, including the payment previously paid by Petitioner for June 2007, and it is further,

ORDERED, that Respondents and their agents are enjoined from raising the outstanding principal balance of $657,635.85 on the note until further order of the court, and it is further,

ORDERED, that alternatively, the Court permit Petitioner to open up a new bank account and place the monthly mortgage note payments in said bank account and Respondents and their agents are preliminarily enjoined from interfering in any way with said bank account in which Petitioner will place the monthly payments of $5,669.80 to be presented to the Court or the trier of fact, until further order of the Court, and it is further,

ORDERED, that this preliminary hearing shall be in full force and effect against Respondents and their agents, until further order of the Court.

_____
U.S. DISTRICT COURT JUDGE

cc:   Walter L. Blair, Esquire

    Jordan M. Spivok, Esquire