# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WALTER BLAIR                                          )
4701 Melbourne Place                                  )
College Park, Maryland 20740                          )
                                                      )
        Plaintiff,                      )
                                                      )
v.                                                    )  Case No. 1:07-CV-01253
                                                      )
WILLIAM ZIEGLER,Vice President                        )
BB&T Bank                                             )
1909 K Street, N.W.                                   )
Washington, D.C. 20006                                )
                                                      )
and                                                   )
                                                      )
BB&T Bank d/b/a Branch Banking and Trust Company      )
1909 K Street, N.W.                                   )
Washington, D.C. 20006                                )
                                                      )
        Defendants.                     )
                                                      )

## FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, DISCRIMINATION BASED ON RACE, HARASSMENT, AND NEGLIGENCE (TO ADD VIOLATION UNDER 15 U.S.C. 1601 et seq)

**COMES NOW,** Plaintiff, Walter L. Blair, attorney at law, pro se, and files this Complaint

for Breach of Contract, Discrimination, Harassment, and Negligence, and states as follows:

### I. JURISDICTION

1.      Plaintiff alleges this Court has jurisdiction over the subject matter of this action,

because diversity of citizenship exists and the amount in controversy exceeds $75,000.00 pursuant

to U.S.C. 28 § 1332. This Court also has jurisdiction pursuant to 42 U.S.C. §§ 1981 and 1983. In

addition, Plaintiff alleges that the Court has jurisdiction pursuant to The Fair Debt Collection

Practices Act, the Consumer Credit Protection Act (15 U.S.C. 1601, et seq).

## II. PARTIES

2.    Plaintiff, Walter L. Blair, is a lawyer practicing law primarily in Maryland and the District of Columbia, and is a citizen and resident of the State of Maryland. The subject commercial property, 4701 Melbourne Place, College Park, Maryland 20740, is located in Prince George's County, Maryland and is used primarily as a law firm on the second floor with offices rented out to physicians on the first floor.

3.    Defendant, William Ziegler, Vice President of BB&T Bank, is licensed to conduct lending and banking activities for commercial properties in the District of Columbia and the Washington metropolitan area.

4.    Defendant, BB&T Bank, is a bank licensed to conduct lending and banking activities in the District of Columbia and the Washington metropolitan area.

## III. FACTS

5.    For more than three (3) years, Plaintiff established a loan (mortgage) agreement between Plaintiff and Defendants concerning Plaintiff's law office building located at 4701 Melbourne Place, College Park, Maryland 20740. The Loan Account Number is 9550570952; Note Number 00001 (**See Exhibits A through C attached**). In fact, Plaintiff during the years 1999 and 2000, by his own hands, built the two story commercial building, the subject property, with the assistance of a few workers. This property is unique as built by Plaintiff via his own hand. The subject note is approximately $650,000.00.

6.    On or about June 28, 2007, Defendants, William Ziegler, Vice President of BB&T, directed bank officer, Rush Seale, to call and write Plaintiff for the May and June mortgage

2

payments. Mr. Seale advised Plaintiff on July 2, 2007 (Plaintiff's first notice) that the payments for May 2007 and June 2007 had not been received and were due. On or by July 2, 2007, pursuant to Plaintiff's agreement with BB&T's representative, Rush Seale, Rush Seale  received $6,000.00 representing more than the May 2007 mortgage payment[1]. See **Exhibit A**. It was further agreed by Plaintiff and Mr. Seale that the balance of the June 2007 mortgage payment would be paid within five (5) business days.

7.     On or by July 6, 2007, pursuant to agreement with Defendants, Plaintiff paid the balance of June 2007 payment of $5,600.00 by delivering this payment to Maria Queen, an employee of Defendant, for Rush Seale at the College Park, Maryland BB&T Branch[2]. See **Exhibit B**.

8.     Plaintiff had never before received any written demand from Defendant, BB&T, over the several years of this loan for any late payment and for reasons which reflect breach of contract, racial discriminatory action and harassment, Defendants have demanded Plaintiff to pay $670,617.00 stemming from a demand of June 29, 2007 although Defendants were well aware that Plaintiff did not receive any prior notice until on or about July 3, 2007 and that such demand is unconscionable, unreasonable and Defendants are aware that Plaintiff cannot agree to such new terms.

9.     Plaintiff alleges that Defendants' conduct via its June 28, 2007 letter, in demanding the full note of $670,617.00, to be paid that same day, (particularly when Defendants

---

[1] Pursuant to agreement with Rush Seale, the May 2007 payment was received on or about July 3, 2007, including any late fee.

[2] That payment was an overpayment since the only amount demanded at that time was $5,530.00. In good faith Plaintiff paid $5,600.00 to cover the balance of June 2007 payment and any late fee although the BB&T did not demand any further late payment.

were aware that Plaintiff did not receive notice of such demand until on or about July 3, 2007),

amounts to unconscionable and unreasonable business practice by any bank in the United States of

America, and Plaintiff alleges that Defendants' conduct, orchestrated by its attorneys, Jordan Spivok,

jointly and severally, amounts to racial hatred against Plaintiff and is motivated by malice, ill will

and evil intent.

      10.    Plaintiff has contracted with Defendants to pay $5,669.80 per month on this loan,

i.e., $1,423.73 in interest and $4,246.07 in interest. Plaintiff has paid fully under the agreement with

Defendant, BB&T, prior to receiving the letter of July 6, 2007. See **Exhibit 3**, received July 10,

2007. After Defendant, William Ziegler, by way of his assistant Regina McCoy, Assistant Vice

President, received full payment from Plaintiff, the same Defendant, William Ziegler, instructed his

assistant, Regina Mccoy, to allegedly claim that Defendants were going to return the June 2007

payment of $5,600.00, alleging falsely that the monthly mortgage was not paid. Defendants claim

that the monthly payments are due on the 1st of the month when in fact the note payments are due

on the 15th of the month and late after the 30th day of the month.

      11.    Although Defendants are well aware that as of the July 6, 2007, Plaintiff had paid

his loan pursuant to agreement and contract between Plaintiff and Defendants, and although

Defendants were well aware that no payment was due from Plaintiff until July 15, 2007, in a

conversation with Plaintiff and Defendant, William Ziegler, on July 10, 2007, Defendant William

Ziegler  advised that whether or not all payments were made current, he did not want to accept

payment or continue with the banking between Plaintiff and Defendant stating that, "We are tired

of dealing with you people," under circumstances where Plaintiff can only take such statement as

being a racial remark, as Plaintiff is a black citizen of the United States and Defendants, William

Ziegler is a caucasian male and BB&T is indeed owned by caucasian citizens of the United States. Plaintiff further alleges that based on the historic victimization and persecution unjustly suffered by black citizens in the USA over the years since its establishment, the conduct of Defendants is alarming and requires strict scrutiny, particularly where Defendants' unjustified conduct threatens to deprive Plaintiff of his unique commercial building and destroy Plaintiff's law practice and the livelihood of Plaintiff's family and the families and staff of Plaintiff's law partners, associates and employees, all of whom (except for one) are of the African-American race.

12.     In addition to the racial remarks made by Defendant, William Ziegler, Defendants demonstrated their intention to break the longstanding contract and mortgage relationship between the parties and the agreement with Rush Seale on or about July 2, 2007 when Seale advised that two (2) payments were due in the amount of $11,530.09 and that he would accept such payments, the first of which was made by Plaintiff and received by Seale on July 3, 2007 and that Seale further agreed to receive and did accept the second payment within five (5) business days on or before July 6, 2007, which payment was made by Plaintiff and received by Maria Queen for Rush Seale for the Defendants, as agreed, on July 6, 2007.

13.     The loan agreement between Plaintiff and Defendants reflected that the monthly payment is due on the 15th day of each month. The payment is not late until the 30th day of each month.

14.     Defendants' pattern and practice of business further reflects that they are engaged in a racket with their lawyers, or otherwise engaged in unfair consumer-lender relations, particularly where Defendants, for no valid reason, habitually forward undisputed loan matters, such as the instant claim by this Plaintiff, to their lawyers which lawyers then adds an exorbitant amount of

5

attorneys fees to the loan and then demands the borrower to pay such fee and loan when under the circumstances (such as Plaintiff in this case and other Plaintiffs similarly situated) Plaintiff should not have to be subjected to any attorneys' fees, liens and particularly when Defendants originally lured Plaintiff to enter into this mortgage agreement with Defendants, in the first place.

15.    The conduct of Defendants in sending letters contrary to the agreement between Plaintiff and Defendants, in frequent calls to Plaintiff, and in writing and disturbing Plaintiff's peace and enjoyment of the mortgaged property (in addition to threatening to have lawyers to get involved and charge exorbitant fees to Plaintiff) reflects harassment, intimidation, and to the extent that Defendants' wrongful conduct is motivated by race and evil intent and the fact that Plaintiff is a black citizen of the United States (when juxtaposed with recent comments made by Defendants) such conduct amounts to racial discrimination in violation of the laws of the United States and the laws of the District of Columbia, and Plaintiff alleges that Defendants' conduct, throughout all relevant times and dates, is motivated by malice and racial hatred against Plaintiff.

16.    Defendant Ziegler on May 10, 2007 admitted that Defendants had a duty to check the monthly due dates (to ascertain whether said note payments were due on the 15th day but Defendants via Mr. Ziegler negligently and unreasonably refused to verify its own banking records because he stated he was directed by his lawyers, Jordan Spivok, and Defendant BB&T to turn the matter over to the attorneys under circumstances which he knew or should have known was wrongful and would cause Plaintiff stress, strain, anxiety, sleepless nights and excessive worrying.  See **Exhibit C**. Plaintiff alleges that under the circumstances Defendants' conduct throughout all relevant dates and times is wrongful, malicious, motivated by racial hatred and violates the laws and statutes alleged herein but not limited to such laws and statutes for which Defendants have violated in their conduct

6

against Plaintiff.

17.    Such wrongful and indeed negligent conduct has caused and continues to cause Plaintiff to wrongfully suffer stress, strain, anxiety, sleepless nights and excessive worrying.

## IV. BREACH OF CONTRACT

18.    Plaintiff adopts and incorporates by reference paragraphs 1 through 17 as if realleged herein.

19.    Defendants and Plaintiff established an enforceable contractual relation where Plaintiff borrowed an amount of money, approximately $600,000.00, secured by Plaintiff's commercial building above-mentioned, and by which Plaintiff was required to pay a monthly mortgage of approximately $5,669.00 to Defendants pursuant to a mortgage agreement signed by the parties.

20.    However, in the month of June and July 2007, without notice or justification or prior warning or disagreement, Defendants breached the agreement between the parties by a letter stating they intend to return the June payment although July payment is not yet due and Defendants further breached the agreement by demanding the accelerated the total amount under the note in excess of $600,000.00 to be paid the same day of demand, that is, June 28, 2007, which conduct by Defendants reflect breach of contract, unfair business practice, unconscionable demand, which demand was delivered to Plaintiff on or about July 3, 2007, after the date that full payment was demanded.

21.    Defendants' breach of contract amounts to unconstitutional behavior since the breach is based on racial animosity by Defendants and Defendants' hatred and ill will towards Plaintiff based on Plaintiff being a member of the African-American race and Defendants' breach of contract

is for the purpose of destroying Plaintiff's business, livelihood and the unfair and justifiable taking of Plaintiff's unique commercial property under circumstances which reflect manifest injustice and an unjustifiable destruction of the contractual relations between the parties.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

## V.  DISCRIMINATION BASED ON RACE

22.     Plaintiff adopts and incorporates by reference paragraphs 1 through 21 as if realleged herein.

23.     Plaintiff is an African-American citizen of the United States and all Defendants are caucasian citizens of the United States.  Plaintiff alleges that Defendants have engaged in a conspiracy whereby Defendants, jointly and severally, have manifested their intent to seize and sell Plaintiff's commercial property located at 4701 Melbourne Place, College Park, Maryland 20740, for no lawful purpose and without any lawful justification and that Defendants are acting to destroy Plaintiff's law practice and business and Plaintiff's livelihood solely on the basis of Defendants' malicious attitude and conduct against Plaintiff, Defendants' racial hatred and animosity against Plaintiff and Defendants' evil intent to harm Plaintiff in violation of the laws of the United States as alleged herein.

8

24.    Defendants are well aware that the mortgage payments were and are made timely by Plaintiff, yet Defendants refused to accept any further mortgage payments by Plaintiff to Defendants and Defendants have accelerated their note requiring Plaintiff to pay in excess of $600,000.00 when Defendants are well aware that Plaintiff does not have said $600,000.00 and this conduct by Defendants to wrongfully take, seize and sell Plaintiff's subject property below market rate is an intent by Defendants to ruin Plaintiff for no other reason than Defendants' hatred of Plaintiff on the basis of race as Plaintiff is an African-American and on the basis of Defendants' malicious conduct and conduct motivated by evil intent which amounts to disparate treatment as Defendants do not treat their non-white customers and borrowers in such an inhumane fashion as Defendants are now conducting themselves wrongfully against Plaintiff.

25.    Defendants' conduct has caused Plaintiff to suffer stress, strain, anxiety, frustration, humiliation, bodily pains and sleepless nights and Defendants intend to cause Plaintiff such harm on the basis of racial animosity, racial hatred and ill will in violation of the laws of the United States of America and Plaintiff alleges that Defendants' conduct amounts fraud, gross negligence, and conspiracy all based on racial hatred.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

9

## VI. HARASSMENT

26.     Plaintiff adopts and incorporates by reference paragraphs 1 through 25 as if realleged herein.

27.     Defendants' conduct for all the reasons alleged herein, including fraud and misrepresentation, false and misleading misrepresentation, harassment and abuse, unfair practice, and unconscionable behavior in wrongful debt collection conduct, as alleged throughout this Complaint, amount to harassment, humiliation, placing Plaintiff in public ridicule and causing Plaintiff to suffer stress, strain and anxiety all on the basis of Defendants' conduct which is wrongful, based on ill will, racial animosity, spite and maliciousness without justification or cause.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

## VII. NEGLIGENCE

28.     Plaintiff adopts and incorporates by reference paragraphs 1 through 27 as if realleged herein.

29.     In addition to Defendant, William Ziegler's above-mentioned wrongful conduct, the said William Ziegler on July 10, 2007, on behalf of all Defendants, when asked by Plaintiff whether he had received all monthly payments due pursuant to the attached notice which Defendants sent to

Plaintiff (See Exhibit B), William Ziegler advised that although he knows he has a duty to verify whether payments are made timely and the loan is brought current, before sending out threatening letters and transferring the matters to his attorneys which he named as Jordan Spivok (301-469-3602), William Ziegler said he is not going to look and make sure all payments are made, whether his conduct is negligent or not.

30.     Defendant Ziegler stated that he need only to rely on his lawyers, Jordan Spivok, and refused to do any due diligence or make any reasonable conduct to make sure the monthly loan payments had been paid up to date and he refused to act reasonably to ascertain whether or not the loan to Plaintiff was due on the 15th of each month. William Ziegler said he "did not know and was not going to find out" whether the July payment and all payments were due in fact, as Plaintiff advised, on the 15th of each month and that the July 15, 2007 payment was not yet due during the conversation which occurred on July 10, 2007.

31.     Plaintiff further alleges that the July payment, which is the only monthly payment in question, was not due even by the time this lawsuit and temporary restraining order was filed in federal court, which filing occurred on July 12, 2007, well prior to the July monthly payment which is due on July 15th 2007 and is not late until July 30th (as is the case in any and every given month in the contract between the parties).

32.     Under the circumstances, Defendants, jointly and severally, had a duty to ascertain the terms of the payment agreement and dates of the payment agreement between Plaintiff and Defendants prior to taking adverse action against Plaintiff and Plaintiff's commercial property in regards to the mortgage terms between the parties had a duty to check their records for accuracy. Defendants did not check for accuracies.

11

33.     Defendants, jointly and severally, breached their duty to Plaintiff with respect to payment dates and with respect to Defendants' wrongful actions against Plaintiff even where Plaintiff's payments were all brought current before Defendants commenced any adverse action against Plaintiff and his above-mentioned commercial property.

34.     Defendants' wrongful conduct proximately caused Plaintiff to suffer injuries and damages as alleged throughout this Complaint

35.     Defendants' negligence has caused Plaintiff harm, including stress and strain, anxiety, humiliation, and sleepless nights, and has placed Plaintiff in a position to lose Plaintiff's commercial property and law practice under circumstances where Plaintiff did not engage in any contributory negligence and under circumstances where Defendants' conduct was wrongful and in violation of any applicable law.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage relationship.

### VIII.   VIOLATION OF THE CONSUMER CREDIT PROTECTION ACT (15 U.S.C. 1601 et seq.)

36.     Plaintiff adopts and incorporates by reference paragraphs 1 through 35 as if realleged herein.

12

37.    Plaintiff alleges that Defendants were well aware that he had paid the monthly payment within a reasonable time as reflected in the agreement between the parties, and more specifically, that Plaintiff had paid his June 2007 mortgage payment, by agreement with Defendants' agent, Rush Seale, and that indeed Plaintiff has paid the July 2007 payment all prior to dates due and prior to the time payments were late, and notwithstanding Plaintiff's proper and reasonable conduct in paying the debt on the note of the subject property, Defendants via racial animous, racial hatred, harassment and for the intentional purpose of stealing or attempting to foreclose and sale Plaintiff's property, and for the purposes of increasing Plaintiff's note by adding excessive debt collection attorney's fees, and for the purpose of filing or attempting to file wrongful foreclosure action against Plaintiff when such action was totally unjustified, and by making false and misleading representations before the Court in Court documents against Plaintiff, and by threatening to return the June 2007 monthly payment although accepting the May 2007 payment, days before, and by Defendants, jointly and severally, making insulting and derogatory racial remarks to Plaintiff, all of which have been alleged and realleged above in this Complaint, all amount to serious and substantial violations by Defendants, jointly and severally, of the Consumer Credit Protection Act, 15 U.S.C. 1601, et seq.

WHEREFORE, it is respectfully requested that the Court award damages against Defendants, jointly and severally, compensatory damages in the amount of $10,000,000.00 and punitive damages in the amount of $30,000,000.00 and Plaintiff further requests that the Court enjoin Defendants and their agents temporarily and permanently from committing acts which will further interfere with Plaintiff's commercial property and that the Court requires Defendants to accept the monthly payment on the note as has been the relationship between the parties throughout the mortgage

relationship.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Respectfully submitted,
BLAIR & LEE, P.C.


_____/s/_____
Walter L. Blair, Esquire, D.C. Bar # 471057


_____/s/_____
Sandy V. Lee, Esquire, D.C. Bar# 361460
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700

WLB/kW C:\My Documents\BLAIR, WALTER\BLAIR, WALTER\Amended Complaint against BB&T w6.wpd

14